# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

HENRY LEE GOODMAN,

               Plaintiff,

   v.

CLENDENIN, *et al.*,

               Defendants.

Case No.  1:25-cv-01089-BAM (PC)

ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED AS BARRED BY RES JUDICATA

**TWENTY-ONE (21) DAY DEADLINE**

Plaintiff Henry Lee Goodman ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Individuals detained pursuant to California Welfare and Institutions Code § 6600 *et seq.* are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act.  *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000).  Plaintiff's complaint, filed on August 11, 2025, is currently before the Court for screening.  (ECF No. 1.)

## I.    Screening Requirement and Standard

The Court screens complaints brought by persons proceeding in *pro se* and *in forma pauperis*.  28 U.S.C. § 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the

1

pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.    Plaintiff's Allegations

Plaintiff is currently housed at Coalinga State Hospital.  He names the following defendants: (1) Stephanie Clendenin, Director of Department of State Hospitals, in her individual and official capacity: (2) Dr. Jonathan Hamrick, Chief Physician and Surgeon, Department of State Hospitals-Coalinga; (3) Dr. Michael Barsom, Acting Medical Director, Department of State Hospitals-Coalinga.

Plaintiff alleges:  On June 16, 2021, Plaintiff's medical treatment provider, F. Olalemi, nurse practitioner, performed a medical examination of Plaintiff.  Subsequent to the examination, Olalemi submitted a DSH-C 113, Request for Medically Necessary Items, which listed the items as "Boxers with scrotal support, 2X (5 pairs) aka, "Boxer Briefs."  (ECF No. 1 at 4.)  The medical need for these items was "Rx Scrotal Sag."  On June 18, 2021, the Chief Physician or medical director approved the DSH-113.  The prescribed medically necessary item is a Health Care Appliance ("HCA"), per DSH.  On June 23, 2021, Olalemi recorded approval of the DSH-113 in Plaintiff's medical records as "May use boxers with scrotal support size 2X x 5 pair, Dx: scrotal sag." (*Id.*)

The DSH-C clothing room does not carry boxer briefs.  They issued Plaintiff regular

briefs as a substitute.  Plaintiff has psoriasis, which renders his inner thigh skin highly sensitive to irritation.  The seams on the regular briefs chafe and irritate Plaintiff's psoriatic inner thigh area.  The DSH-C package room suggested a jockstrap worn under boxers as an alternative, but due to where the straps on the jockstrap contact the skin, the same problem as with the briefs exists.  The DSH-C package room informed Plaintiff that he could not order his own boxer briefs, as they are contraband per the Statewide Contraband List.

Item #31 on the then current DSH statewide contraband list identifies as contraband any "Medical equipment, supply or device not prescribed, approved and provided by the facility." (*Id.*)  Administrative Directive 513, section 5a states, "Prescribed HCA's by DSH-C physicians/providers, including Identifying Vest, shall be purchased by DSH-C.  DSH-C shall purchase approved HCA's as written by the DSH-C physician from approved vendors." (*Id.)* Section 5c states, "Patients requesting to purchase non-prescribed HCA's shall submit their request in writing to the contraband committee for consideration, patient shall be responsible for the cost of the HCA if approved." (*Id.* at 5.)

On August 11, 2021, Plaintiff initiated a Patients Rights Complaint (PRC) process to the Office of Patients Rights (OPR).  On September 23, 2021, level 1 of the PRC was completed; OPR staff read Olalemi's order as "boxers and scrotal support" not "boxers with scrotal support." (*Id.*)  OPR staff referred Plaintiff back to his provider to have the order better clarified/tailored to his needs.  On October 1, 2021, Olalemi submitted an updated DSH-113 for approval; the requested medically necessary HCA specified "Boxer Briefs." (*Id.*)  On October 5, 2021, Dr. Hamrick approved the requested HCA (boxer briefs).

On October 29, 2021, level 2 of the PRC was completed.  The Executive Director of DSH-C Brandon Price noted that Olalemi specifically ordered boxer briefs for Plaintiff.  The HCA denial was acceptable because they are contraband per the list.

On January 24, 2022, level 3 of the PRC was completed: OPR declared Plaintiff's "original complaint did not present as a patient's right." (*Id.*)

On April 27, 2022, due to Olalemi's updated DSH-113 and Dr. Hamrick's subsequent approval considered by the OPR to need a new PRC, generated another level 2 response.  This

3

response revealed that Dr. Michael Barsom overrode Dr. Hamrick's approval of the HCA.

On August 2, 2022, level 3 of the PRC (on the updated DSH-113) was completed.  Level 3 is the final administrative appeal level, this is an appeal to the Director of DSH (i.e., Clendenin), who designated the Office of Human Rights to review and respond.  This level of review resulted in a negative response to Plaintiff's HCA needs.

On May 9, 2022, Plaintiff filed a petition for writ of habeas corpus in the Fresno County Superior Court in Case No. 22CRWR686606.

On June 12, 2022, the Fresno court issued a "Request for Informal Response" requiring respondent to address "whether the decision to provide petitioner [Plaintiff] with a jock strap as an alternative to boxer briefs was made by a qualified medical practitioner."  (*Id.*)

On June 12, 2022, the Fresno court issued a "Request for Informal Response" requiring respondent to address "how the decision to provide petitioner [Plaintiff] with a jock strap was made provided that a DSH-C physician approved boxer briefs as medically necessary in two separate orders."  (*Id.*)

On June 12, 2022, the Fresno court issued a "Request for Informal Response" requiring respondent to address any prohibition of the petitioner [Plaintiff] from purchasing boxer briefs and address any institutional/safety concerns that would prohibit the purchase of the item.

On June 12, 2022, the Fresno court issued a "Request for Informal Response" requiring respondent to address "whether medical exceptions to the DSH contraband list are made and address why petitioner's [Plaintiff's] medical condition would not qualify as a valid medical exception."  (*Id.* at 6.)

On August 23, 2022, DSH filed their informal response and on September 2, 2022, Plaintiff filed his informal reply.

On October 3, 2022, the Fresno Superior Court, in Case No. 22CRWR686606, issued an order to show cause ("OSC").

On December 8, 2022, DSH filed their return to the OSC, to which Plaintiff (petitioner) filed a denial on February 27, 2023.

On June 16, 2023, the Fresno court issued an order striking the first return filed on

December 8, 2022, and directed DSH to file a "proper and/or amended return." (*Id.*)

On July 3, 2023, DSH filed an amended return, to which Plaintiff (petitioner) filed an amended denial on July 24, 2024.

On August 11, 2023, the court appointed counsel for Plaintiff (petitioner) on his habeas petition.

On October 3, 2023, the court ordered an evidentiary hearing.  On February 20, 2025, the court held an evidentiary hearing, after which the matter was taken under submission.

On July 8, 2025, the Fresno Superior Court, in Case No. 22CRWR686606, granted Plaintiff's (petitioner's) petition for writ of habeas corpus and ordered DSH-C "to provide petitioner [Plaintiff] with boxer briefs." (*Id.*)

Plaintiff has attempted to get the ordered boxer briefs; he has provided copies of the Fresno court's order granting habeas relief to his Unit Supervisor.  Plaintiff's Unit Supervisor has informed his supervisor (the Program Director), and provided copies of the Court's order.  The Program Director has forwarded the information to the DSH-C Legal Division.

Plaintiff alleges that as of the complaint's filing date, DSH-C has failed to comply with the court's order to provide Plaintiff with boxer briefs. The denial and delay of Defendants providing the prescribed HCA has aggravated Plaintiff's condition and his "scrotal sag" has noticeably worsened.

In his first cause of action, Plaintiff alleges:

> As a direct result Defendant CLENDENIN, acting under the color of the authority granted her by the State of California as the Director of DSH, is tortuously liable in her individual capacity.  Defendant CLENDENIN is responsible for the implementation and active maintenance of the list used as the basis for the denial of Plaintiff's medically necessary HCA.  Further, CLENDENIN, as the DSH Director, was the final step in the administrative appeals process which denied Plaintiff his prescribed HCA; accordingly, Defendant CLENDENIN was directly, not vicariously, involved in the complained of HCA denial, a *de facto* denial of necessary medical treatment.  CLENDENIN'S actions in this instance are the moving force behind the claimed violations) of Plaintiff's due process rights under the 14th Amendment to the U.S. Constitution.

(ECF No. 1 at 7.)

In his second cause of action, Plaintiff alleges:

> As a direct result Defendant CLENDENIN, acting in abuse of the authority granted

5

her by the State of California as the Director of DSH, is tortuously liable in her official capacity. Defendant CLENDENIN is responsible for the implementation and active maintenance of the list, the primary purpose of the list is to maintain the safety and security of the various hospitals, employees and patients under the DSH banner. Defendant CLENDENIN has the authority under the California Code of Regulations and §7295(b) to "carve out" exceptions to the list for prescribed HCA's. The HCA denial here, having presented no safety and security concerns exceeding those considered in the approved personal undergarments for "patients diagnosed with gender dysphoria", solely due to its inclusion on the list, without more, is a clear abuse of Defendant CLENDENIN's authority as the Director of DSH. Defendant CLENDENIN's actions resulted in a denial of Plaintiff receiving necessary medical treatment; as such, Defendant CLENDENIN's acts are the moving force behind the claimed violation(s) of Plaintiff's due process rights under the 14th Amendment to the U.S. Constitution.

(*Id.*)

In his third cause of action, Plaintiff alleges:

As a direct result Defendant HAMRICK, acting under the color of authority granted him by the State of California, as the Chief Physician and Surgeon of DSH-C, is tortuously liable in his individual capacity. Having approved the prescription for the disputed HCA initially, Defendant HAMRICK ultimately withdrew his support based on the HCA's contraband status. In so doing Defendant HAMRICK abandoned his responsibility to provide medical professional judgment resulting in the Plaintiff being denied necessary medical treatment; as such, Defendant HAMRICK's acts are the moving force behind the claimed violation(s) of Plaintiff's due process rights under the 14th Amendment to the U.S. Constitution.

(*Id.* at 7-8.)

In his fourth cause of action, Plaintiff alleges:

As a direct result Defendant BARSOM, acting under the color of authority granted him by the State of California, as the Acting Chief Medical Officer of DSH-C, is tortuously liable in his individual capacity. In denying Plaintiff's prescribed and initially approved HCA, based solely on his determination that the disputed HCA was contraband, Defendant BARSOM abandoned his responsibility to provide medical professional judgment. The result of Defendant BARSOM not employing medical professional judgment in his denial of the disputed HCA was the denial of necessary medical treatment to the Plaintiff, as such, Defendant BARSOM's acts are the moving force behind the claimed violation(s) of Plaintiff's due process rights under the 14th Amendment to the U.S. Constitution.

(*Id.* at 8.)

As relief, Plaintiff seeks compensatory damages, along with an additional $100.00 per day for every day after July 8, 2025, that Defendants fail to comply with the state court's order.

### III. Discussion

Plaintiff's claims pertain to the administrative denial of his boxer briefs. Plaintiff will be required to show cause why this action should not be dismissed as barred by claim preclusion.

6

Claim preclusion bars litigation of claims that were or could have been raised in a prior action, *Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007) (quotation marks omitted), and it "requires three things: (1) identity of claims; (2) a final judgment on the merits; and (3) the same parties, or privity between parties," *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (citing *Cell Therapeutics, Inc. v. Lash Grp., Inc.*, 586 F.3d 1204, 1212 (9th Cir. 2010)).

The doctrine of *res judicata*, or claim preclusion, "bars repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 315 (2011) (citation and internal quotation marks omitted). Under the Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, a federal court must give a state court judgment the same preclusive effect as the state court judgment would receive by another court of that state. *See* 28 U.S.C. § 1738; *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004) ("28 U.S.C. § 1738 generally requires federal courts to give state court judgments the same res judicata effect that they would be given by another court of that state."). The Ninth Circuit has made it clear that a section 1983 claim brought in federal court is subject to principles of issue and claim preclusion by a prior state court judgment. *See Gonzales v. Cal. Dep't. of Corr.*, 739 F.3d 1226, 1231 (9th Cir. 2014) (holding that "reasoned denials of California habeas petitions" have claim-preclusive effect on subsequent civil litigation); *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1347 (9th Cir. 1981) ("we hold that because of the nature of a state habeas proceeding, a decision actually rendered should preclude an identical issue from being relitigated in a subsequent § 1983 action if the state habeas court afforded a full and fair opportunity for the issue to be heard and determined under federal standards."). California's claim preclusion law therefore governs whether Plaintiff's § 1983 claim may be brought in federal court. *Furnace v. Giurbino*, 838 F.3d 1019, 1023 (9th Cir. 2016); *see also Anderson v. Mendoza*, No. 2:17-cv-1244-KJM-DB P, 2018 WL 6528429, at *3 (E.D. Cal. Dec. 12, 2018), appeal dismissed, No. 19-15428, 2019 WL 4271992 (9th Cir. July 9, 2019) ("California claim preclusion law governs whether, in light of his earlier state habeas petition, plaintiff's § 1983 claims may be brought in federal court.").

California courts employ the primary rights theory to determine what constitutes the same

7

cause of action for claim preclusion purposes, and under this theory, a cause of action is (1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant which consists in a breach of such primary right and duty. *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) (citing *City of Martinez v. Texaco Trading & Transp., Inc.*, 353 F.3d 758, 762 (9th Cir. 2003)). If two actions involve the same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery. *Id.* (quoting *Eichman v. Fotomat Corp.*, 147 Cal. App. 3d 1170, 1174 (1983)).

"California's *claim preclusion* case law...prevents relitigation 'between the *same parties or parties* in privity with them.'" *Furnace*, 838 F.3d at 1028 (quoting *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 824 (2015)). Privity is a legal conclusion which designates a person "so identified in interest with a party to former litigation that he represents precisely the same right" being adjudicated. *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (quoting *Southwest Airlines Co. v. Texas Int'l Airlines, Inc.*, 546 F.2d 84, 94 (5th Cir. 1977)); *Nordhorn v. Ladish Co.*, 9 F.3d 1402, 1405 (9th Cir. 1993) ("[W]hen two parties are so closely aligned in interest that one is the virtual representative of the other, a claim by or against one will serve to bar the same claim by or against the other.") (citation omitted).

"A judgment is on the merits for purposes of res judicata if the substance of the claim is tried and determined." *Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 77 (2000) (citation and internal quotation marks omitted).

It appears the allegations in this instant case are nearly identical to the claims in Plaintiff's petition for writ of habeas corpus regarding the administrative denial of DSH-C physician approved boxer briefs.  In the prior state court action, the court granted Plaintiff's petition. Thus, Plaintiff received a final judgment on the merits of his claims.

**IV.    Order**

Based on the foregoing, it is HEREBY ORDERED that Plaintiff show cause why this action should not be dismissed as barred by claim preclusion within **twenty-one (21) days** of the

date of service of this order. **Failure to comply with this order will result in dismissal of this action, with prejudice.**

IT IS SO ORDERED.

Dated:   **May 27, 2026**                    /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE

9