# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY LEE GOODMAN,<br><br>        Plaintiff,<br><br>  v.<br><br>CLENDENIN, *et al.*,<br><br>        Defendants. | Case No.  1:25-cv-01089-BAM (PC)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE (ECF No. 8)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.      Introduction**

Plaintiff Henry Lee Goodman ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Individuals detained pursuant to California Welfare and Institutions Code § 6600 *et seq.* are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act.  *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000).

On May 27, 2026, the Court screened Plaintiff's complaint, filed on August 11, 2025. The Court determined that Plaintiff's claims appeared to be barred by claim preclusion and ordered Plaintiff to show cause why this action should not be dismissed.  (ECF No. 8.)  Following an extension of time, Plaintiff filed his response to the show cause order on June 25, 2026, (ECF No. 12), along with a first amended complaint, (ECF No. 11).  In light of Plaintiff's response, the show cause order is HEREBY DISCHARGED.  Plaintiff's first amended complaint, filed on June

1

25, 2026, is currently before the Court for screening.  (ECF No. 11.)

## II.    Screening Requirement and Standard

The Court screens complaints brought by persons proceeding in *pro se* and *in forma pauperis*.  28 U.S.C. § 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## III.    Plaintiff's Allegations

Plaintiff is currently housed at Coalinga State Hospital.  He names the following defendants: (1) Stephanie Clendenin, Director of Department of State Hospitals, in her individual and official capacity: (2) Dr. Jonathan Hamrick, Chief Physician and Surgeon, Department of State Hospitals-Coalinga ("DSH-C"); and (3) Dr. Michael Barsom, Acting Medical Director, DSH-C.

Plaintiff alleges that he has a diagnosed medical condition, psoriasis and scrotal sac, requiring boxer briefs with scrotal support, a medically necessary healthcare appliance ("HCA").

2

On July 8, 2025, the Fresno County Superior Court granted his petition for writ of habeas corpus against the DSH-C for the denial of a medically necessary HCA.  The premise of Plaintiff's amended complaint is that his serious medical needs were ignored by defendants from the date of his diagnosis, June 16, 2021, through  the date of full compliance with the state court's order on his habeas petition, November 17, 2025.

Plaintiff further alleges:  On June 16, 2021, Plaintiff's medical treatment provider, F. Olalemi, nurse practitioner, performed a medical examination of Plaintiff.  Subsequent to the examination, Olalemi submitted a DSH-C 113, Request for Medically Necessary Items, which listed the items as "Boxers with scrotal support, 2X (5 pairs) aka, "Boxer Briefs." (ECF No. 11 at 5.)  The medical need for these items was "Rx Scrotal Sag." (*Id.*)  On June 18, 2021, the Chief Physician or medical director approved the DSH-113.  The prescribed medically necessary item is a HCA, per the Department of State Hospitals ("DSH").  On June 23, 2021, Olalemi recorded approval of the DSH-113 in Plaintiff's medical records on form MH 5660 as "May use boxers with scrotal support size 2X x 5 pair, Dx: scrotal sag." (*Id.*)

The DSH-C clothing room does not carry boxer briefs.  They issued Plaintiff regular briefs as a substitute.  Plaintiff has psoriasis, which renders his inner thigh skin highly sensitive to irritation.  The seams on the regular briefs chafe and irritate Plaintiff's psoriatic inner thigh area.  The DSH-C clothing suggested a jockstrap worn under boxers as an alternative, but due to where the straps on the jockstrap contact the skin, the same problem as with the briefs exists.  The DSH-C package room informed Plaintiff that he could not order his own boxer briefs, as they are contraband per the Statewide Contraband List.

Item #31 on the then current DSH statewide contraband list identifies as contraband any "Medical equipment, supply or device not prescribed, approved and provided by the facility." (*Id.* at 6.)  Administrative Directive 513, section 5a states, "Prescribed HCA's by DSH-C physicians/providers, including Identifying Vest, shall be purchased by DSH-C.  DSH-C shall purchase approved HCA's as written by the DSH-C physician from approved vendors." (*Id.)* Section 5c states, "Patients requesting to purchase non-prescribed HCA's shall submit their request in writing to the contraband committee for consideration, patient shall be responsible for

3

the cost of the HCA if approved." (*Id.*)

On August 11, 2021, Plaintiff initiated a Patients Rights Complaint (PRC) process to the Office of Patients Rights (OPR).  On September 23, 2021, level 1 of the PRC was completed; OPR staff read Olalemi's order as "boxers *and* scrotal support" not "boxers *with* scrotal support." (*Id.*)  OPR staff referred Plaintiff back to his provider to have the order better clarified/tailored to his needs.  On October 1, 2021, Olalemi submitted an updated DSH-113 for approval; the requested medically necessary HCA specified "Boxer Briefs." (*Id.*)  On October 5, 2021, Dr. Hamrick approved the requested HCA (boxer briefs).

On October 29, 2021, level 2 of the PRC was completed.  The Executive Director of DSH-C Brandon Price noted that Olalemi specifically ordered boxer briefs for Plaintiff.  The HCA denial was acceptable because they are contraband per the list.

On January 24, 2022, level 3 of the PRC was completed: OPR declared Plaintiff's "original complaint did not present as a patient's right." (*Id.*)

On April 27, 2022, due to Olalemi's updated DSH-113 and Dr. Hamrick's subsequent approval considered by the OPR to need a new PRC, generated another level 2 response.  This response revealed that Dr. Michael Barsom overrode Dr. Hamrick's approval of the HCA.

On August 2, 2022, level 3 of the PRC (on the updated DSH-113) was completed.  Level 3 is the final administrative appeal level, which is an appeal to the Director of DSH (i.e., Clendenin), who designated the Office of Human Rights to review and respond.  This level of review resulted in a negative response to Plaintiff's HCA needs.

On May 9, 2022, Plaintiff filed a petition for writ of habeas corpus in the Fresno County Superior Court in Case No. 22CRWR686606.

On June 12, 2022, the Fresno court issued a "Request for Informal Response" requiring respondent to address "whether the decision to provide petitioner [Plaintiff] with a jock strap as an alternative to boxer briefs was made by a qualified medical practitioner." (*Id.* at 7.)

On June 12, 2022, the Fresno court issued a "Request for Informal Response" requiring respondent to address "how the decision to provide petitioner [Plaintiff] with a jock strap was made provided that a DSH-C physician approved boxer briefs as medically necessary in two

4

separate orders." (*Id.*)

On June 12, 2022, the Fresno court issued a "Request for Informal Response" requiring respondent to address any prohibition of the petitioner [Plaintiff] from purchasing boxer briefs and address any institutional/safety concerns that would prohibit the purchase of the item.

On June 12, 2022, the Fresno court issued a "Request for Informal Response" requiring respondent to address "whether medical exceptions to the DSH contraband list are made and address why petitioner's [Plaintiff's] medical condition would not qualify as a valid medical exception." (*Id.* at 6.)

On August 23, 2022, DSH filed their informal response, and on September 2, 2022, Plaintiff filed his informal reply.

On October 3, 2022, the Fresno Superior Court, in Case No. 22CRWR686606, issued an order to show cause ("OSC").

On December 8, 2022, DSH filed their return to the OSC, to which Plaintiff (petitioner) filed a denial on February 27, 2023.

On June 16, 2023, the Fresno court issued an order striking the first return filed on December 8, 2022, and directed DSH to file a "proper and/or amended return." (*Id.*)

On July 3, 2023, DSH filed an amended return, to which Plaintiff (petitioner) filed an amended denial on July 24, 2023.

On August 11, 2023, the court appointed counsel for Plaintiff (petitioner) on his habeas petition.

On October 3, 2023, the court ordered an evidentiary hearing. The court held an evidentiary hearing on February 20, 2025, after which the matter was taken under submission.

On July 8, 2025, the Fresno Superior Court, in Case No. 22CRWR686606, granted Plaintiff's (petitioner's) petition for writ of habeas corpus and ordered DSH-C "to provide petitioner [Plaintiff] with boxer briefs." (*Id.*)

Plaintiff has attempted to get the ordered boxer briefs; he has provided copies of the Fresno court's order granting habeas relief to his Unit Supervisor. Plaintiff's Unit Supervisor has informed his supervisor (the Program Director), and provided copies of the Court's order. The

Program Director forwarded the information to the DSH-C Legal Division.  On November 17, 2025, DSH-C came into full compliance with the state court's order to provide Plaintiff with boxer briefs.  The denial and delay of Defendants providing the prescribed HCA has aggravated Plaintiff's condition and his "scrotal sag" has noticeably worsened.

In his first cause of action, Plaintiff asserts a claim for deliberate indifference to serious medical needs in violation of the Eighth/Fourteenth Amendments against Defendant Clendenin in her individual capacity.  Plaintiff alleges that as a direct result of Defendant Clendenin's actions and inactions, Plaintiff has suffered, and continues to suffer, deliberate indifference to his serious medical needs.  Defendant Clendenin, as Director of DSH, was responsible for implementing and actively maintaining the statewide contraband list and possessed authority to create medical exceptions to that list.  Her failure to create or apply such an exception, and her designation of the final administrative appeal level response denying Plaintiff's HCA constituted deliberate indifference because she was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, that risk having been made plain by the two physician prescriptions, by the administrative complaint process, and the Fresno County Superior Court's order.  Defendant Clendenin's actions and inactions were the moving force behind Plaintiff's constitutional injury.  Her maintenance of a blanket contraband policy with no medical-exception mechanism—applied to override two independent physician prescriptions-constitutes deliberate indifference as a matter of policy and custom.

In his second cause of action, Plaintiff asserts a claim for deliberate indifference to serious medical needs in violation of the Eighth/Fourteenth Amendment against Defendant Clendenin in her official capacity (*Monell* policy).  Plaintiff alleges that as a direct result of Defendant Clendenin's actions in her official capacity as Director of DSH, and her implementation and maintenance of a DSH statewide contraband policy that lacks any mechanism to honor physician-prescribed medical exceptions, Plaintiff has been denied adequate medical treatment and Defendant Clendenin's policy constitutes an unconstitutional policy and/or custom under *Monell* because it was the moving force behind the deprivation of Plaintiff's constitutional rights.  Plaintiff further alleges that the DSH state contraband list policy, as maintained by Defendant

6

Clendenin in her official capacity, presented no safety or security basis sufficient to override two independent physician prescriptions for Plaintiff's HCA.  Defendant Clendenin possessed statutory authority to create medical "carve-outs" or exceptions to the list for prescribed HCAs.  Her failure to exercise that authority—and her designation of a final appeal level denial that cited only the contraband list without any medical analysis—constitutes both a policy failure and an abuse of authority that is the moving force behind the violation of Plaintiff's rights.

In his third cause of action, Plaintiff asserts a claim for deliberate indifference to serious medical needs in violation of the Eighth/Fourteenth Amendments against Defendant Hamrick in his individual capacity.  Plaintiff alleges that as a result of Defendant Hamrick's actions and inactions, Plaintiff was denied the benefit of an already-approved medical prescription, causing unnecessary and wanton infliction of pain.  Defendant Hamrick, having exercised his independent clinical judgment and approved the prescribed HCA on October 5, 2021, subsequently withdrew that support and deferred to the administrative contraband designation.  Plaintiff alleges the withdrawal and abandonment of medical professional judgment constitutes deliberate indifference.  Plaintiff also alleges that Defendant Hamrick's acts and omission are the moving force behind the continued denial of Plaintiff's medical treatment.

In his fourth cause of action, Plaintiff asserts a claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment/Fourteenth Amendment against Defendant Barsom in his individual capacity.  Plaintiff alleges that as a result of Defendant Barsom's actions and inactions, Plaintiff was denied the prescribed HCA that had been approved by the treating and supervising physician.  Defendant Barsom, as Acting Medical Director at DSH-C, overrode Defendant Hamrick's approval of Plaintiff's HCA solely on the basis that the item was designated as contraband on the statewide list—without any independent medical evaluation.

In his fifth cause of action, Plaintiff asserts a claim for ongoing deliberate indifference against defendants for post-court-order noncompliance.  He alleges that on July 8, 2025, the Fresno County Superior Court issued an order granting Plaintiff's writ of habeas corpus and directing DSH-C to provide Plaintiff with boxer briefs.  Not until November 11, 2025, did defendants come into full compliance with the order.  Plaintiff asserts that the ongoing refusal to

7

provide Plaintiff's prescribed medical treatment constitutes a continuing violation.   He asserts that each defendant, through the institutional structure of DSH, has been made aware of the court's order and has consciously chosen not to act.

As relief, Plaintiff seeks compensatory damages, along with an additional $100.00 per day for every day after July 8, 2025, that Defendants fail to comply with the state court's order. Plaintiff also requests that he be allowed leave to amend his complaint and for the Court to appoint counsel.

### IV.    Discussion

### A.  Claim Preclusion

Plaintiff's claims pertaining to the administrative denial of his boxer briefs through the date of the superior court's order on his habeas petition are barred by the doctrine of claim preclusion.  Claim preclusion bars litigation of claims that were or could have been raised in a prior action, *Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007) (quotation marks omitted), and it "requires three things: (1) identity of claims; (2) a final judgment on the merits; and (3) the same parties, or privity between parties," *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (citing *Cell Therapeutics, Inc. v. Lash Grp., Inc.*, 586 F.3d 1204, 1212 (9th Cir. 2010)).

The doctrine of *res judicata*, or claim preclusion, "bars repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 315 (2011) (citation and internal quotation marks omitted). Under the Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, a federal court must give a state court judgment the same preclusive effect as the state court judgment would receive by another court of that state. *See* 28 U.S.C. § 1738; *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004) ("28 U.S.C. § 1738 generally requires federal courts to give state court judgments the same res judicata effect that they would be given by another court of that state."). The Ninth Circuit has made it clear that a section 1983 claim brought in federal court is subject to principles of issue and claim preclusion by a prior state court judgment. *See Gonzales v. Cal. Dep't. of Corr.*, 739 F.3d 1226, 1231 (9th Cir. 2014) (holding that "reasoned

denials of California habeas petitions" have claim-preclusive effect on subsequent civil litigation); *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1347 (9th Cir. 1981) ("we hold that because of the nature of a state habeas proceeding, a decision actually rendered should preclude an identical issue from being relitigated in a subsequent § 1983 action if the state habeas court afforded a full and fair opportunity for the issue to be heard and determined under federal standards."). California's claim preclusion law therefore governs whether Plaintiff's § 1983 claim may be brought in federal court. *Furnace v. Giurbino*, 838 F.3d 1019, 1023 (9th Cir. 2016); *see also Anderson v. Mendoza*, No. 2:17-cv-1244-KJM-DB P, 2018 WL 6528429, at *3 (E.D. Cal. Dec. 12, 2018), appeal dismissed, No. 19-15428, 2019 WL 4271992 (9th Cir. July 9, 2019) ("California claim preclusion law governs whether, in light of his earlier state habeas petition, plaintiff's § 1983 claims may be brought in federal court.").

California courts employ the primary rights theory to determine what constitutes the same cause of action for claim preclusion purposes, and under this theory, a cause of action is (1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant which consists in a breach of such primary right and duty. *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) (citing *City of Martinez v. Texaco Trading & Transp., Inc.*, 353 F.3d 758, 762 (9th Cir. 2003)). If two actions involve the same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery. *Id.* (quoting *Eichman v. Fotomat Corp.*, 147 Cal. App. 3d 1170, 1174 (1983)).

"California's *claim preclusion* case law . . . prevents relitigation 'between the *same parties* or *parties* in privity with them.'" *Furnace*, 838 F.3d at 1028 (quoting *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 824 (2015)). Privity is a legal conclusion which designates a person "so identified in interest with a party to former litigation that he represents precisely the same right" being adjudicated. *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (quoting *Southwest Airlines Co. v. Texas Int'l Airlines, Inc.*, 546 F.2d 84, 94 (5th Cir. 1977)); *Nordhorn v. Ladish Co.*, 9 F.3d 1402, 1405 (9th Cir. 1993) ("[W]hen two parties are so closely aligned in interest that

9

one is the virtual representative of the other, a claim by or against one will serve to bar the same claim by or against the other.") (citation omitted).

"A judgment is on the merits for purposes of res judicata if the substance of the claim is tried and determined." *Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 77 (2000) (citation and internal quotation marks omitted).

Based on the allegations, this action and Plaintiff's state court action involve the same injury and the same wrong, namely the administrative denial of Plaintiff's DSH-C physician-approved boxer briefs. The DSH and DSH-C officials in this action are in privity with and share the same interest as DSH in the prior action. And, in the prior action, the state court granted Plaintiff's habeas petition. Thus, Plaintiff received a final judgment on the merits of his claims. The Court therefore finds that Plaintiff's claims in this action premised on the administrative denial of his DSH-C physician-approved boxer briefs through the date of the state court decision are barred by claim preclusion. Plaintiff's response to the show cause order does not dispute that these claims are barred. (*See* ECF No. 12.)

**B. Deliberate Indifference – Non-Compliance with State Court Order**

Plaintiff also asserts a claim for deliberate indifference to his medical needs premised on the failure of DSH-C to provide him with boxer briefs between July 8, 2025, when the state court granted his habeas petition, and November 11, 2025, when defendants came into full compliance with the state court's order. Plaintiff asserts that the deliberate refusal to comply with the state court's order for more than ten months constitutes deliberate indifference.

The Fourteenth Amendment, not the Eighth Amendment, governs claims of constitutionally inadequate medical care brought by civilly committed plaintiffs. *Hydrick v. Hunter*, 500 F.3d 978, 996 (9th Cir. 2007), *cert. granted, judgment vacated on other grounds*, 556 U.S. 1256 (2009). As a civil detainee, Plaintiff's right to medical care is protected by the substantive component of the Due Process Clause of the Fourteenth Amendment. *Youngberg v. Romeo*, 457 U.S. 307, 315 (1982); *Mitchell v. Washington*, 818 F.3d 436 (9th Cir. 2016). A claim of denial of the right to adequate medical care under the Fourteenth Amendment is analyzed under an objective deliberate indifference standard. *Gordon v. County of Orange*, 888 F.3d 1118

10

(9th Cir. 2018). In order to demonstrate deliberate indifference to a detainee's serious medical needs, a plaintiff must satisfy the following four elements: (1) each individual defendant made an intentional decision related to the conditions of the plaintiff's confinement; (2) those conditions put the plaintiff at risk of suffering serious harm; (3) the defendant failed to take reasonable steps to abate the risk even though a reasonable official in those circumstances would have understood the high degree of risk involved, making the consequences of their actions obvious; and (4) by failing to take those actions, the defendant caused the plaintiff's injury. *Id.* at 1124–25.

Here, Plaintiff does not state a cognizable Fourteenth Amendment claim against Defendants Clendenin, Hamrick, or Barsom. Plaintiff's amended complaint does not allege that any of these defendants were aware of the state court's order on his habeas petition and failed to respond or otherwise comply. Rather, Plaintiff alleges only that he provided the state court order to his unit supervisor, the unit supervisor informed the Program Director, and the Program Director forwarded the information to DSH-C Legal Division. (*See* ECF No. 11 at 7-8.) Plaintiff's allegations that these defendants were aware of the state court's order through the institutional structure of DSH is speculative and conclusory.

To the extent Plaintiff is attempting to sue Defendants Clendenin, Hamrick, or Barsom based solely upon their supervisory roles, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

### V.    Conclusion and Recommendation

For the reasons stated, Plaintiff's amended complaint is barred by claim preclusion and fails to state a cognizable claim for relief. The deficiencies in the complaint cannot be cured by amendment. Therefore, the Court finds that granting leave to amend would be futile and further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice, as barred by claim preclusion and for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 7, 2026**              /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE

12