**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

HENRY LEE GOODMAN,

Plaintiff,

v.

CLENDENIN, *et al.*,

Defendants.

No. 1:25-cv-01089 JLT BAM (PC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART

(Doc. 14)

Henry Lee Goodman is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On July 7, 2026, the magistrate judge screened the first amended complaint and issued findings and recommendations recommending this action be dismissed, with prejudice, as barred by claim preclusion and for failure to state a cognizable claim upon which relief may be granted. (Doc. 14.) The Court served the findings and recommendations on Plaintiff and informed him that any objections were due in 14 days. (*Id.*) Following an extension of time, Plaintiff filed timely objections. (Doc. 17.)

According to 28 U.S.C. § 636 (b)(1)(C), the Court has conducted a *de novo* review of this case. Plaintiff objects to the magistrate judge's recommendation that his claim premised on defendants' failure to provide him with boxer briefs between July 8, 2025, when the state court granted habeas relief, and November 11, 2025, when defendants came into compliance, be

dismissed with prejudice. (Doc. 17 at 2-5.)

First, Plaintiff contends that his allegations plausibly support a deliberate indifference claim. (*Id.*) However, as the magistrate judge correctly determined, Plaintiff's allegations did not plausibly state a Fourteenth Amendment claim against Defendants Clendenin, Hamrick, or Barsom as Plaintiff did not allege that they were aware of the state court's order on his habeas petition and failed to respond or otherwise comply. (Doc 14 at 11.)

Second, Plaintiff argues that his allegations of institutional notice plausibly support his claim of actual notice to the named defendants. (Doc. 17 at 3.) In his amended complaint, Plaintiff alleged only that he provided the state court order to his unit supervisor, the unit supervisor informed the Program Director, and the Program Director forwarded the information to DSH-C Legal Division. (*See* Doc. 11 at 7-8.) As the magistrate judge concluded, Plaintiff's allegations that Defendants Clendenin, Hamrick, and Barsom were aware of the state court's order through the institutional structure of the Department of State Hospitals ("DHS") are speculative and conclusory. Plaintiff's objections do not demonstrate otherwise. (Doc. 17 at 4.)

Third, Plaintiff objects to the extent the magistrate judge treated Plaintiff's theory as one of supervisory liability. (Doc. 17.) To support his objection, Plaintiff again relies on his speculative and conclusory assertions that Defendants knew of the state court's order through an institutional chain. (*Id.*)

Finally, Plaintiff contends that he should have been granted leave to amend because the magistrate judge's futility finding is unsupported and amendment would not be futile. (Doc. 17 at 4.) Plaintiff contends that he can supplement his complaint with additional factual details to state a claim. Toward this end, Plaintiff again relies only on the institutional structure of DSH, and in doing so, speculates that the defendants would know of the state court order based on their institutional roles (Clendenin as "the DSH Director with authority over the DSH-C Legal Division" and Hamrick and Barsom, as supervisory doctors, because prescribed medically necessary healthcare appliances are "squarely within their own medical purview." Doc. 17 at 3-4) Contrary to Plaintiff's supposition, this does not demonstrate that any of the defendants were aware of the order. Though Plaintiff contends that Clendenin had "some authority" over the DSH-

C Legal Division, this does not raise an inference that this "authority" meant that he would have been privy to the court order merely because it was sent to the legal office. As to the other medical professionals, Plaintiff does not suggest that anyone ever provided the order to them or to anyone who would have given them a copy of it or informed them of it. The additional details that Plaintiff asserts that he can included in an amended complaint, namely the dates that he gave the order to "his Unit Supervisor," the date that person gave it to the "Program Director" or the date the Program Director gave it to DSH-C Legal Division, do not correct the pleading deficiency discussed in the findings and recommendations. (*Id.*) Even still, in an abundance of caution, the Court will grant Plaintiff **one final opportunity to amend his complaint as to the second cause of action**. Thus, the Court **ORDERS:**

1. The findings and recommendations issued on July 7, 2026, (Doc. 14), are **ADOPTED in PART**.
2. The first cause of action is **DISMISSED without leave to amend**;
3. The second cause of action is **DISMISSED with 30 days leave to amend**.

IT IS SO ORDERED.

Dated: _October 13, 2026_

UNITED STATES DISTRICT JUDGE