# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HENRY LEE GOODMAN,

Plaintiff,

v.

CLENDENIN, *et al.*,

Defendants.

Case No. 1:25-cv-01089-BAM (PC)

FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION

(ECF No. 19)

**FOURTEEN (14) DAY DEADLINE**

## I. Introduction

Plaintiff Henry Lee Goodman ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Individuals detained pursuant to California Welfare and Institutions Code § 6600 *et seq.* are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000).

On July 7, 2026, the undersigned screened the first amended complaint and issued findings and recommendations recommending this action be dismissed, with prejudice, as barred by claim preclusion and for failure to state a cognizable claim upon which relief may be granted. (ECF No. 14.) Plaintiff filed objections to the findings and recommendations. (ECF No. 17.)

On October 14, 2026, the district judge adopted the findings and recommendations in part,

dismissed the first cause of action without leave to amend, but with 30 days leave to amend his second cause of action premised on defendants' failure to provide him with boxer briefs between July 8, 2025, when the state court granted habeas relief, and November 11, 2025, when defendants came into compliance. (ECF No. 18.) Plaintiff's second amended complaint, filed on November 2, 2026, is currently before the Court for screening. (ECF No. 19.)

**II. Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding in *pro se* and *in forma pauperis*. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**III. Plaintiff's Allegations**

Plaintiff is currently housed at Coalinga State Hospital. He names the following new defendants in this action: (1) Roy Phelps, Senior Psychiatric Technician, Department of State Hospitals-Coalinga ("DSH-C"); (2) Kevin Bottorff, Unit Supervisor, DSH-C; and (3) Does 1-5,

employees at DSH-C, in their individual and/or official capacities.

Plaintiff alleges he has a diagnosed medical condition, psoriasis and scrotal sac, requiring boxer briefs with scrotal support, a medically necessary item. On July 8, 2025, the Fresno County Superior Court granted his petition for writ of habeas corpus against the DSH-C for the denial of a medically necessary Health Care Appliance ("HCA"). The premise of Plaintiff's second amended complaint is that his serious medical needs were ignored by defendants from the date of his diagnosis, June 16, 2021, through the date of full compliance with the state court's order on his habeas petition, November 17, 2025.

Plaintiff further alleges: On June 16, 2021, Plaintiff's medical treatment provider, F. Olalemi, nurse practitioner, performed a medical examination of Plaintiff. Subsequent to the examination, Olalemi submitted a DSH-C 113, Request for Medically Necessary Items, which listed the items as "Boxers with scrotal support, 2X (5 pairs) aka, "Boxer Briefs." (ECF No. 19 at 5.) The medical need for these items was "Rx Scrotal Sag." (*Id.*) On June 18, 2021, the Chief Physician or the medical director approved the DSH-113. The prescribed medically necessary item is a HCA, per the Department of State Hospitals ("DSH"). On June 23, 2021, Olalemi recorded approval of the DSH-113 in Plaintiff's medical records on form MH 5660 as "May use boxers with scrotal support size 2X x 5 pair, Dx: scrotal sag." (*Id.*)

The DSH-C clothing room does not carry boxer briefs. They issued Plaintiff regular briefs as a substitute. Plaintiff has psoriasis, which renders his inner thigh skin highly sensitive to irritation. The seams on the regular briefs chafe and irritate Plaintiff's psoriatic inner thigh area. The DSH-C clothing suggested a jockstrap worn under boxers as an alternative, but due to where the straps on the jockstrap contact the skin, the same problem as with the briefs exists. The DSH-C package room informed Plaintiff that he could not order his own boxer briefs, as they are contraband per the Statewide Contraband List.

Item #31 on the then current DSH statewide contraband list identifies as contraband any "Medical equipment, supply or device not prescribed, approved and provided by the facility." (*Id.* at 6.) Administrative Directive 513, section 5a states, "Prescribed HCA's by DSH-C physicians/providers, including Identifying Vest, shall be purchased by DSH-C. DSH-C shall

purchase approved HCA's as written by the DSH-C physician from approved vendors." (*Id.*) Section 5c states, "Patients requesting to purchase non-prescribed HCA's shall submit their request in writing to the contraband committee for consideration, patient shall be responsible for the cost of the HCA if approved." (*Id.* at 6.)

On August 11, 2021, Plaintiff initiated a Patients Rights Complaint (PRC) process to the Office of Patients Rights (OPR). On September 23, 2021, level 1 of the PRC was completed; OPR staff read Olalemi's order as "boxers *and* scrotal support" not "boxers *with* scrotal support." (*Id.*) OPR staff referred Plaintiff back to his provider to have the order better clarified/tailored to his needs. On October 1, 2021, Olalemi submitted an updated DSH-113 for approval; the requested medically necessary HCA specified "Boxer Briefs." (*Id.*) On October 5, 2021, Dr. Hamrick approved the requested HCA (boxer briefs).

On October 29, 2021, level 2 of the PRC was completed. The Executive Director of DSH-C Brandon Price noted that Olalemi specifically ordered boxer briefs for Plaintiff. The HCA denial was acceptable because they are contraband per the list.

On January 24, 2022, level 3 of the PRC was completed; OPR declared Plaintiff's "original complaint did not present as a patient's right." (*Id.*)

On April 27, 2022, due to Olalemi's updated DSH-113 and Dr. Hamrick's subsequent approval considered by the OPR to need a new PRC, generated another level 2 response. This response revealed that Dr. Michael Barsom overrode Dr. Hamrick's approval of the HCA.

On August 2, 2022, level 3 of the PRC (on the updated DSH-113) was completed. Level 3 is the final administrative appeal level, which is an appeal to the Director of DSH (i.e., Clendenin), who designated the Office of Human Rights to review and respond. This level of review resulted in a negative response to Plaintiff's HCA needs.

On May 9, 2022, Plaintiff filed a petition for writ of habeas corpus in the Fresno County Superior Court in Case No. 22CRWR686606.

On June 12, 2022, the Fresno court issued a "Request for Informal Response" requiring respondent to address "whether the decision to provide petitioner [Plaintiff] with a jock strap as an alternative to boxer briefs was made by a qualified medical practitioner." (*Id.*)

On June 12, 2022, the Fresno court issued a "Request for Informal Response" requiring respondent to address "how the decision to provide petitioner [Plaintiff] with a jock strap was made provided that a DSH-C physician approved boxer briefs as medically necessary in two separate orders." (*Id.*)

On June 12, 2022, the Fresno court issued a "Request for Informal Response" requiring respondent to address any prohibition of the petitioner [Plaintiff] from purchasing boxer briefs and address any institutional/safety concerns that would prohibit the purchase of the item. (*Id.* at 7.)

On June 12, 2022, the Fresno court issued a "Request for Informal Response" requiring respondent to address "whether medical exceptions to the DSH contraband list are made and address why petitioner's [Plaintiff's] medical condition would not qualify as a valid medical exception." (*Id.*)

On August 23, 2022, DSH filed their informal response, and on September 2, 2022, Plaintiff filed his informal reply.

On October 3, 2022, the Fresno Superior Court, in Case No. 22CRWR686606, issued an order to show cause ("OSC").

On December 8, 2022, DSH filed their return to the OSC, to which Plaintiff (petitioner) filed a denial on February 27, 2023.

On June 16, 2023, the Fresno court issued an order striking the first return filed on December 8, 2022, and directed DSH to file a "proper and/or amended return." (*Id.*)

On July 3, 2023, DSH filed an amended return, to which Plaintiff (petitioner) filed an amended denial on July 24, 2023.

On August 11, 2023, the court appointed counsel for Plaintiff (petitioner) on his habeas petition.

On October 3, 2023, the court ordered an evidentiary hearing. The court held an evidentiary hearing on February 20, 2025, after which the matter was taken under submission.

On July 8, 2025, the Fresno Superior Court, in Case No. 22CRWR686606, granted Plaintiff's (petitioner's) petition for writ of habeas corpus and ordered DSH-C "to provide

petitioner [Plaintiff] with boxer briefs." (*Id.*)

On August 28, 2025, Plaintiff received a copy of the order from his attorney, and promptly gave a copy to Defendant Phelps, who was acting as shift lead at that time. Plaintiff observed Defendant Phelps make a copy of the order, electronically scan the document into Plaintiff's chart, and then hand the order to Defendant Bottorff, Plaintiff's Unit Supervisor.

On or about August 29, 2025, Plaintiff was directly informed by Defendant Bottorff that the order had been sent to the Legal Department, the means of communication and the individual within the Legal Department who received the Order were not provided to the Plaintiff at that time.

On November 17, 2025, DSH-C became in full compliance with the state court's order to provide Plaintiff with boxer briefs.

In his sole cause of action, Plaintiff asserts a claim for ongoing and continued deliberate indifference to serious medical needs in violation of the Eighth/Fourteenth Amendments against all defendants. Plaintiff alleges that on July 8, 2025, the Fresno County Superior Court issued an order granting Plaintiff's writ of habeas corpus and directing DSH-C to provide Plaintiff with boxer briefs. Not until November 11, 2025, did defendants come into full compliance with the order. Plaintiff asserts that the ongoing refusal to provide Plaintiff's prescribed medical treatment constitutes a continuing violation. He asserts that the deliberate refusal to comply with the state court's order for more than ten months constitutes knowing and willful deliberate indifference because "each Defendant, through the institutional structure of DSH, has been made aware of the court's order and has consciously chosen not to act." (*Id.* at 8.) He claims Defendants' non-compliance has resulted in the continued, daily infliction of pain upon Plaintiff through the aggravation and worsening of his "scrotal sag" condition and ongoing psoriatic skin irritation, harm that is objectively serious and subjectively known to Defendants. (*Id.*)

As relief, Plaintiff seeks compensatory damages, along with an additional $100.00 per day for every day after July 8, 2025, that Defendants fail to comply with the state court's order. Plaintiff also requests that he be allowed leave to amend his complaint and for the Court to appoint counsel.

**IV. Discussion**

Plaintiff asserts a claim for deliberate indifference to his medical needs premised on the failure of DSH-C to provide him with boxer briefs between July 8, 2025, when the state court granted his habeas petition, and November 11, 2025, when defendants came into full compliance with the state court's order. Plaintiff asserts that the deliberate refusal to comply with the state court's order for more than ten months constitutes deliberate indifference.

The Fourteenth Amendment, not the Eighth Amendment, governs claims of constitutionally inadequate medical care brought by civilly committed plaintiffs. *Hydrick v. Hunter*, 500 F.3d 978, 996 (9th Cir. 2007), *cert. granted, judgment vacated on other grounds*, 556 U.S. 1256 (2009). As a civil detainee, Plaintiff's right to medical care is protected by the substantive component of the Due Process Clause of the Fourteenth Amendment. *Youngberg v. Romeo*, 457 U.S. 307, 315 (1982); *Mitchell v. Washington*, 818 F.3d 436 (9th Cir. 2016). A claim of denial of the right to adequate medical care under the Fourteenth Amendment is analyzed under an objective deliberate indifference standard. *Gordon v. County of Orange*, 888 F.3d 1118 (9th Cir. 2018). In order to demonstrate deliberate indifference to a detainee's serious medical needs, a plaintiff must satisfy the following four elements: (1) each individual defendant made an intentional decision related to the conditions of the plaintiff's confinement; (2) those conditions put the plaintiff at risk of suffering serious harm; (3) the defendant failed to take reasonable steps to abate the risk even though a reasonable official in those circumstances would have understood the high degree of risk involved, making the consequences of their actions obvious; and (4) by failing to take those actions, the defendant caused the plaintiff's injury. *Id.* at 1124–25.

Here, Plaintiff does not state a cognizable Fourteenth Amendment claim against the newly named defendants in this action. Plaintiff alleges that he received a copy of the state court's habeas order on August 28, 2025, and promptly gave a copy to Defendant Phelps. Defendant Phelps then made a copy of the order, electronically scanned it into Plaintiff's chart, and handed the order to Defendant Bottorff. The following day, Defendant Bottorff informed Plaintiff that the order had been sent to the DSH-C Legal Department. Plaintiff's conclusory allegations that these defendants deliberately refused to comply with the state court's order are not sufficient to

state a claim. At best, Plaintiff's allegations demonstrate that Defendants Phelps and Bottorff promptly took steps to abate any risk to Plaintiff, notifying the Legal Department of the state court's order within a day of receiving it from Plaintiff. There are no factual allegations indicating that Defendants Phelps or Bottorff were responsible for implementation of the state court's order or that they were authorized to implement such order. Given that the order was promptly submitted to the DSH-C Legal Department, it cannot be inferred from Plaintiff's allegations that Defendants Phelps and Bottorff failed to take reasonable steps to obtain compliance with the state court's order.

Additionally, Plaintiff fails to link any Doe defendant to the allegations in his complaint. The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff's amended complaint fails to link any Doe defendant to a specific act or omission that violated his rights. Indeed, Plaintiff does not include the Doe defendants in his factual allegations.

**V. Conclusion and Recommendation**

For the reasons stated, Plaintiff's second amended complaint fails to state a cognizable claim for relief. Despite being provided with the relevant pleading and legal standards, and multiple opportunities to amend, Plaintiff has been unable to cure the deficiencies. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice, for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 12, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE